WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—February, 1884.

## SMITH v. LUSK.

*In the matter of the judicial settlement of the account of* STEPHEN C. LUSK, *as general guardian of the person and property of* STEPHEN J. LUSK, *and others, infants.*

A surety in the official bond of a general guardian of an infant's property, having no right to compel an accounting on the part of his principal nor to be cited upon the latter's accounting (Code Civ. Pro., §§ 2847–

2850), has no standing as a petitioner to open a decree settling an account rendered, on the ground of an error therein which redounds to his disadvantage. In this respect, he is differently situated from a surety in the official bond of an executor or administrator, who may call his principal to account under Code Civ. Pro., § 2726.

THIS was an application by M. H. Smith, surety in the general guardian's bond, to open the decrees entered on the judicial settlement of the accounts with the wards, who had become of age, and for a supplemental and fuller account of his proceedings as such guardian. The petition showed that Lusk was appointed such guardian in 1873; that, in September, 1883, he proceeded to procure a judicial settlement of his accounts with said wards before the Surrogate's court, without notice to said surety; that, on that day, three several decrees were made in that proceeding, by which it was adjudged that there was due from the guardian to each of the wards the sum of $427.74; that great wrong and injustice had been done to the petitioner thereby, in that the guardian had not rendered a full account of all his lawful claims and charges against the wards, to wit, in omitting to charge each for his maintenance, etc.; that he was insolvent and entirely unable to pay any part of the sums directed by said decrees to be paid, by reason whereof the petitioner would be liable to pay the same.

LEWIS C. PLATT, *for petitioner.*

CHARLES HAINES, *opposed.*

THE SURROGATE.—I think that the application must be denied. It will be seen, by reference to §§ 2847–2850, inclusive, of the Code, which declare who may

compel a general guardian to account, and point out whom he must cite to attend his accounting, that nothing is said as to a surety. He was not, therefore, entitled to any notice of the proceeding, and, as he was not a proper party to it, could not have been heard in reference to it, had he been present. If this be so, then he is not in a position to make this application. If the application were granted, and a new accounting had, he would still be powerless to effect any different result.

By § 2726, following the statute of 1860 (Sess. Laws, *p. 569*), a surety in the bond of an executor or administrator, is authorized to call the principal to an accounting, but I know of no such provision as to the surety of a general guardian.

Without stopping to criticise the sufficiency of the facts stated in the petition to warrant the setting aside of the decree, under subd. 6 of § 2481, the relief sought must be refused for the reasons stated.